UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASHON HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1917 (UNA) |
| | ) |
| DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Buffalo, New York, allegedly had an encounter on June 4, 2024, with an officer of the Cheektowaga, New York police force. *See* Compl. at 1. The officer allegedly "arrested the Plaintiff in violation of Title VI of the Civil Rights Act of 1964." *Id*. The New York State Division of Human Rights dismissed plaintiff's complaint against the Town of Cheektowaga for lack of jurisdiction. *See* Compl., Ex. (ECF No. 1-1 at 2-3).

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). For starters, plaintiff fails to identify a basis for this Court's jurisdiction. And what few factual allegations there are fail to put the United States Department of Transportation on notice of a claim against it, particularly where plaintiff's claim arises from his arrest by a Cheektowaga, New York, police officer. Lastly, plaintiff does not demand any form of relief. The Court, therefore, will dismiss the complaint without prejudice. An Order is issued separately.

DATE: July 24, 2024                           TREVOR N. McFADDEN
                                              United States District Judge